IIuffin, Judge.
 

 If is not disputed, that the giving of time, whereby the debt was lost by the insolvency' of the debtor, 'discharged the defendant as an indorser or guarantor
 
 ",
 
 provided it was the act of the plaintiff himself, or of one for whose acts the plaintiff was responsible.
 

 Ordinarily, an agreed entry in a cause is taken to be the act of the parties. And also, ordinarily, the act of an attorney is taken to be the act of the party to the suit whom he represents. If therefore the case gíooá simply upon the effect of the contract, as written in the indorsement, the charge of the court would have been correct. But it was part of the agreement, as -was proved
 
 viva voce,
 
 that the note transferred should he put in suit immediately, under the management of a particular attorney. He might have possessed the especial confidence of the defendant, and upon that Ms willingness to guaranty might have been founded. Indeed the attorney might have been selected by the defendant himself, and that provision introduced at his instance and for his benefit. In that case, the defendant must be considered as contracting'for his skill and diligence. That he could not
 
 *64
 
 sue the attorney for wilful or negligent mismanagement does not determine tliis
 
 point;
 
 for one may bind himself, that a stranger shall do a particular act. At most, it would be a circumstance, which might incline a jury to think that the attorney was selected by the plaintiff and not by the defendant. In the opinion of the court, therefore, it ought to have been
 
 left to
 
 the jury to say, whether the plaintiff or the attorney gave the stay of execution; and if the latter, whether the plaintiff or defendant selected the particular attorney, and agreed to be responsible for his conduct, as between themselves. And if the cause depended on that, there would be a new trial.
 

 •Where a parly, against whom a- judge expresses an opinion, refuses to submit to it, but puts his cause to the jury, and is unsuccessful, altho* the judge may have erred, yet the judgments not to be reversed, if upon the whole case jt is correct.
 

 "Where the liability of a party is not direct, but collateral, and dependant upon the default of another, he must be notified of a defaultbeforehe -can be charged.
 

 Hut the case further states, that the plaintiff gave no evidence of notice to the defendant of non-payment, or that he was looked to. If such notice was necessary, the judgment must stand, aitho’ the- court may have erred in other respects. The plaintiff would not sub-' mit to a nonsuit under the opinion of the court, adverse to him on one point. But he put his cause to the jury, choosing to run his chances for a verdict upon the whole case. If upon the
 
 whole
 
 case
 
 the verdict -was right,
 
 it must stand. The point of notice was made by the defendant
 
 ;
 
 and if, under any circumstances, the plaintiff could not recover upon the pooof made by him, there is .no ground to disturb the
 
 verdict;
 
 since the error of the Court upon a different matter did him no harm.
 

 Was notice necessary ? We think it was. It is a general rule of law, founded in sound reason, that where the liability of one party is not absolute and direct, but is upon a collateral obligation, dependant upon, and arising from certain things to he done by tito other party, and lying peculiarly within his knowledge, he, who is to take benefit by the engagement, must give the other notice of what has been done, and that he is- held liable. From the nature of things, notice is part of the agreement;- and the debt does not arise before notice. Itis ofthe nature of a special
 
 request;
 
 and must he alleged in the declaration, and proved. Such is the contract of an indorser, under the law merchant; which is only one species of guaranty well defined indeed, and settled by long usage,'
 
 *65
 
 The doctrine has been applied to guaranties for goods sold.
 
 (Russel
 
 v.
 
 Clark,
 
 7 Crunch. 69.) It has .also been applied to a guaranty óf a note or bill. It is true, that as to the time of giving notice, the rule is not so/ strict, as it is between indorser and indorsee. But no-1 tice in a reasonable time and before suit is indispensa-f ble.
 
 (Phillips
 
 v. Astling, 2
 
 Taunt.
 
 206.) What existed on the part of
 
 Hicks,
 
 until
 
 Grice
 
 gave him notice that the principal debtor had not ¿paid the debt? How was
 
 Ricks
 
 otherwise to know, that
 
 Grice
 
 had not received the money ? Was he hound to volunteer payment? We think not; hut that upon the authorities, notice to the defendant formed a necessary part of the plaintiff’s case.
 

 A guarantor is entitled to no-,sam?. strictness required^as^hi ^SgySeofattm'
 

 Per Curiam. — Judgment apeirmer.