Ruffin, Judge.
 

 By the act of 1806,
 
 (JR., e.
 
 701,) no gift of slaves is good or available, unless made in writing. “Neither,” the act continues, “ shall such gift be valid,
 
 “
 
 unless the writing shall be proven or acknowledged, “ and registered within one year after the execution “thereof.” These words seem to denote a purpose in the legislature, then to make the registry acts effectual, at least, in reference to the gift of slaves. Perhaps no purpose could be more politic ; for registration is now scarcely of any use, except as a means of preserving the instrument for the benefit of the person claiming under it, in case of the loss of the original, as the party may keep the deed in his pocket as long as he pleases, and place it on the register’s books only when it becomes his interest to defeat some claimant, who has, ignorant of his deed, acquired a right. Probably these strong reasons induced the judge in the court below, to lay down the rule he did. But they are reasons, which address themselves rather to the discretion of the legislature, than to ours. The legislature has certainly the power to enlarge the time for registration, and to pronounce its effect, and if to them it seem good, the courts must execute their will. From time to time, acts giving further time for registration have been passed ; and in each, deeds of gift, and indeed all conveyances, except mortgages and deeds of trust, are expressly included ; and it is enacted, that they shall be as good and valid, as if they liad been proven and registered within the time before allowed by law. Such are the words of the acts of 1827, c. 30, and 1829, c. 26, which embrace the case now before us. Acts of this character, have always received a literal construction ; in fact, they are susccpti ble of none other. The only exception is the case of
 
 Stales
 
 v.
 
 Few cl,
 
 (3
 
 Hawks.
 
 18.) in which there was an hiatus of one year between the extending acts °f 1818 and 1821, and during the interval, rights vested in other persons. The court thought the last act was not intended to defeat such vested rights. But in every
 
 *380
 
 other case, deeds registered at ever so remote a period, have been held, by force of the new registry acts, to be as operative as if registered within the periods prescribed by the acts 1715 or 1806, or any other general statute. Here there was no interval.
 

 Pee Curiam. — Judgment aefirmed.