PEGGY SPIVEY et al. v. HENRY ROSE et al.

*Action to Recover Land—Deed—Privy Examination of Married Women, Validity of—Registration of Deeds, Extension of Time for— Witness— Competency—Transactions with Deceased Persons—Section 590 of The Code.*

1. The probate of a deed and the privy examination of a married woman taken in July, 1868, before the chairman of the old County Court when the court was not in session, was valid under Ch. 35, Acts of 1868-'69.

2. Statutes extending the time for the registration of conveyances of land are valid, and deeds of gift are embraced in their provisions.

3. Where, in the trial of an action to recover land, the defendants claim under a deed alleged to have been made by the plaintiff to their ancestor, the plaintiff is not competent (under Section 590 of *The Code*) to testify that the deed was a forgery.

4. A *feme* plaintiff in action to recover land against defendants who claim under a deed alleged to have been made by her and her husband to the ancestor of the defendants is not disqualified, under Section 590 of *The Code*, as a witness to prove that she never appeared before the officer who certified the probate of deed alleged to have been signed by her, and was never privily examined by him, such officer being dead and no representative being a party to the action. In such case, however, the proof necessary to impeach the certificate of probate should be strong, clear and convincing.

CIVIL ACTION, to recover land, tried at March Term, 1896, of JOHNSTON Superior Court, before *McIver*, *J.*, and a jury. The facts appear in the opinion of the court. There was a verdict, followed by judgment for the defendants, and plaintiffs appealed.

*Messrs. Pou & Pou*, for plaintiff (appellant).

No counsel, *contra*.

MONTGOMERY, J.: The plaintiff introduced, without objection, a deed for the land executed on the 22d of October, 1852, by Windsor Watkins to herself. The defendants offered in evidence a deed covering the same land, which purported to have been made by the plaintiff, to Incil Watkins on the 1st of June, 1867, and which had been admitted to probate on January 7, 1868, and registered on August 21, 1883. The plaintiff objected to the admission of this deed in evidence, on the ground that the probate appeared to have been taken before B. R. Hinnant, chairman of the Court of Pleas and Quarter Sessions, at a time when the court was not in session. The objection was properly overruled.

By an Act of Assembly, ratified on the 2d of March, 1867, the chairmen of the Courts of Pleas and Quarter Sessions were authorized to take privy examinations of *femes* covert in the conveyance of real estate. Chapter 35 of the Laws of 1868-'69, ratified on the 8th February,

1869, referring to the Act of 1867, recites that whereas "under some misconstruction of the law, such examination was made in various instances at a time when the court was not in session, and at a place other than at the courthouse, since which doubts have arisen as to the legality and binding force of such examination—therefore, the General Assembly of North Carolina do enact—Section 1. That every such examination made by any chairman of the County Court of this State, at any time when the said County Court was not in session, and at any place other than at the court house of each county, shall have the same effect as if the said examination had been made during the session of the court and at the court house and in conformity to the law in all other respects."

The plaintiff further objected to the admissibility of the deed on the ground that it was void in law, in that it appeared to be voluntary on its face, being a deed of gift and had not been registered within two years after its execution. His Honor committed no error in overruling this objection. The General Assembly has regularly, every two years, enacted statutes extending the time for the registration of conveyances of real estate, since the execution of this deed up to the time of its registration, the first one on the 31st of March, 1871, before the death of the testator —even before the will was made. Such acts have been declared by this court to be in the discretion of the legislature, and deeds of gift embraced in their provision. *Jones* v. *Sasser*, 14 N. C., 378; *Scales* v. *Fewell*, 10 N. C., 18.

The defendants then offered in evidence, without objection, the will of Incil Watkins, the grantee in the deed from the plaintiff. In the will, Incil Watkins devised the land to his widow, now deceased, for life, with remainder in fee to his son, Thomas Watkins, the father, now deceased, of the defendants and under whom they claim as

his heirs at law. The case states that under the will the choses in action belonging to the estate were bequeathed to certain of his children, among whom was the *feme* plaintiff, and that she was also one of the residuary legatees. But it does not appear that any question of estoppel was raised against the *feme* plaintiff on account of her having received the articles of personal property under the residuary clause of the will, and no ruling was made on it by the court.

The *feme* plaintiff was introduced as a witness in her own behalf and offered to testify that the deed from her and her husband to her father, Incil Watkins, was a forgery, and that she never signed it or authorized it to be signed. The court sustained the objection on the ground that the evidence was incompetent, under Section 590 of the Code. There was no error in this ruling.

The deed was not signed in the proper handwriting of the grantors, but was signed with their cross marks, and if the offered testimony had been admitted, its effect would have been to declare that the grantors had not executed the deed—which would have been testimony as to a personal transaction with the deceased grantee. How it might be if the deed had been signed in the proper handwriting of the grantors, we are not called upon to decide.

The plaintiff then offered to testify that she had never acknowledged the deed before Hinnant, the chairman of the County Court, and that she had never been privily examined by him. Hinnant was dead at the time of the trial. The court sustained the objection. There was error in this ruling. In *Ware* v. *Nesbit*, 94 N. C., 669, the court held that the acknowledgment of the execution of a deed by a married woman with her privy examination no longer carried with it the conclusiveness of a judicial pro-

ceeding, and that her deed, like that of any other person, could be impeached if the grounds were sufficient.

If a married woman could impeach her deed because of fraud or duress, we cannot see why she should not prove, if she can, that she never appeared before the officer who certified the probate.   No person representing any interest of Hinnant's estate is a party to this action, and no judgment that could be made in it would bind his representatives.   Because of the refusal of the court to allow her to testify to the alleged false certificate of the probate there must be a new trial.

Of course the proof necessary to impeach the certificate of the officer to the probate of that deed should be strong, clear and convincing.

New trial.