CAUBLE v. SOUTHERN EXPRESS COMPANY AND WALKER D. HINES, DIRECTOR GENERAL OF AMERICAN RAILWAYS EXPRESS COMPANY.

(Filed 9 November, 1921.)

**1. Appeal and Error—Harmless Error—New Trials.**

A new trial will not be granted on appeal for mere technical error committed on the trial, which will not subserve the real ends of substantial justice in correcting some ruling that so tends to the prejudice of the appellant that a new trial may rectify it.

**2. Same— Government— Express Companies— Railroads— Negligence— Measure of Damages.**

Where in an action against a common carrier to recover damages for its negligence in rendering practically valueless the goods delivered to it for transportation, the measure of plaintiff's damages is the difference between the market value of the goods just preceding the injury and their value immediately thereafter; and though, in this case, the court erroneously charged the jury that the damage to the goods would be the difference between their market value immediately preceding the injury and such value at the time of the trial, a year or more thereafter, it was harmless, it appearing that such value was the same in both instances.

**3. Appeal and Error — Motions— Pleadings— Process— Amendments— Parties—Express Companies—Railroads—Director General—Government.**

In an action to recover damages for the destruction of goods by express, when express companies, as a war measure, were under the management and control of the Director General of Railroads, the plaintiff's motion in the Supreme Court, on appeal, to amend process and complaint, to show the injury was not caused by the express company, but by the Director General, was allowed, which had the effect of eliminating defendant's contention that only the express company had been sued.

4. **Parties—Express Companies—Director General—Government—Pleadings—Process—Appeal and Error—Record.**

It appearing of record on appeal in this case that the name of the Director General of Railroads, having charge of express companies, was named in the summons, accordingly served on the local agent, and that his name as well as that of the express company was set out in the pleadings alleging negligence, etc., and that the jury considered the evidence upon the separate issues accordingly: *Held* as untenable, the exception that only the express company and not the Director General was a party to the action, and that a verdict as to the latter was invalid, both the Director General and the express company being substantially parties.

5. **Express Companies — Director General — Government — Railroads — Measure of Damages—Evidence—Diminution of Damages.**

In an action against the Director General of Railroads while in control of express companies, as a war measure, for the complete destruction, by negligence, of a shipment by express, the defendant may show, if he can, that there remained value in the damaged shipment, in diminution of the amount of recovery, but not having attempted to do so in this case, he must be satisfied with the damaged shipment, which is left with him for whatever benefit he may derive therefrom.

APPEAL by defendant from *Finley, J.,* at the February Term, 1921, of GUILFORD.

This action was brought to recover damages for the injury to or destruction of a cash register, sold by the plaintiff (who lived and carried on his business at High Point, N. C.) to the Bank of Hickory Grove, at a town by that name in the State of South Carolina, the machine having been shipped via the American Railway Express Company to the consignee at that place. It is alleged that when shipped it was in perfect condition, but when it arrived at its destination it was found to be in a very ruinous state, and the manufacturer could not repair it, even at great cost, because its number had been lost, so it was left in the possession of the American Railways Express Company. The jury assessed the damages at $300, and defendant appealed from the judgment on the verdict.

*Wilson & Frazier for plaintiff.*
*John A. Barringer for defendant.*

WALKER, J., after stating the case: (1) The defendant's first exception and assignment of error set forth in the case on appeal is to the charge of the court as to the rule of damages by which the jury was to be guided in assessing the amount which the plaintiff was entitled to recover. It appears the judge charged the jury that the rule of damages was the difference between the market value of the cash register before the injury complained of and the market value of the cash register at

29—182

the time of the trial which was more than a year afterwards. The defendant contends that this is not the correct rule, which is the difference between the market value of the property just before the injury and. the said value immediately after the injury, and not the value of the property a year or more after the negligence complained of.

*Allen, J.,* lays down the rule in the following language in the case of *Farrall v. Garage Co.,* 179 N. C., 393: "The correct and safe rule is the difference between the value of the machine before and after its injury." But plaintiff, in making this objection to the measure of damages, overlooks, or rather leaves out, the fact that although the charge measured the damages by the difference in the value of the cash register before the injury to it, and one year after the injury, it appears that the injury to the machine was the same just after it was done as it was one year afterwards, and there was no decrease in its value between the two dates, so that there was practically, and even theoretically, no harm done. When the aid of this Court is invoked to grant a new trial, the motion for the same will be carefully weighed by us, and will be denied unless the merits are made clearly to appear. Courts do not lightly grant reversals, or set aside verdicts, upon grounds which show the alleged error to be harmless or where the appellant could have sustained no injury from it. There should· be, at least, something like a practical treatment of the motion to reverse, and it should not be granted except to subserve the real ends of substantial justice. The motion should be meritorious and not based upon merely trivial errors committed, manifestly without prejudice. Reasons for attaching great importance to small and innocuous deviations from correct principles have long ceased to have that effect and have become obsolete. The law will not now do a vain and useless thing. The foundation of the application for a new trial is the allegation of injustice, and the motion is for relief. Unless, therefore, some wrong has been suffered there is nothing to be relieved against. The injury must be positive and tangible, not theoretical merely. For instance, the simple fact of defeat is in one sense injurious, for it wounds the feelings. But this alone is not sufficient ground for a new trial. It does not necessarily involve loss of any kind, and without loss or the probability of loss there can be no new trial. The complaining party asks for redress, for the restoration of rights which have first been infringed and then taken away. There must be, then, a probability of repairing the injury, otherwise the interference of the Court would be but nugatory. There must be a reasonable prospect of placing the party who asks for a new trial in a better position than the one which he occupies by the verdict. If he obtains a new trial he must incur additional expense, and if there is no corresponding benefit he is still the sufferer. Besides, courts are instituted to enforce

right and restrain and punish wrong. Their time is too valuable for them to interpose their remedial power idly and to no purpose. They will only interfere, therefore, where there is a prospect of ultimate benefit. *Brewer v. Ring and Valk,* 177 N. C., 476, at pp. 484-485, citing many authorities, and among them, Hilliard on New Trials (2 ed.), secs. 1 to 7; *S. v. Smith,* 164 N. C., 476; *Schas v. Assurance Society,* 170 N. C., 420, 424; 3 Graham and Waterman on New Trials, 1235; *Hulse v. Brantley,* 110 N. C., 134; *Alexander v. Savings Bank,* 155 N. C., 124; *McKeel v. Holloman,* 163 N. C., 132. See, also, *Grice v. Ricks,* 14 N. C., 62; *Gray v. R. R.,* 167 N. C., 433; *Blalock v. Clark,* 133 N. C., 309; *Reynolds v. R. R.,* 136 N. C., 345; Pell's Revisal, vol. 1, p. 237, sec. 507.

Surely when this rule, which is both sensible and just, is applied to the facts in hand, there is nothing to be gained by granting a new trial for the reason stated by the defendant, and it would, practically considered, be unwise to do so, as the motion, so far as it relates to this ground upon which it is based, is without any genuine merit. If defendant (Director General) had shown that the debris of this machine was of any real value, he would have been entitled to a deduction from the recovery, to the amount of it, as found by the jury, but he did not do so. But it will appear hereafter that this is really immaterial, as we will direct that the machine be kept by the defendant, who can dispose of it in his discretion and in that way get the benefit of its value, if it has any. This was defendant's principal exception on the merits.

Plaintiff moved in this Court to amend process and complaint so as to show more clearly that the injury to the cash register was not caused by the Southern Express Company, but by the defendant Director General of Railroads, having charge of the American Railways Express Company during the period of Federal control as a war measure, and we allowed the amendment. This disposes of the defendant's contention that the Southern Express Company was the only one sued in this action, and that the Director General (in charge of the American Railways Express Company) was not sued, nor was the last named express company. While we have sufficiently answered the last contention by reference to the amendment of process and pleadings, or complaint, we are of the opinion the amendment was not necessary, but was, perhaps, resorted to as a cautionary measure. The record plainly shows that the summons was addressed to "Walker D. Hines, Director General of the American Railways Express Company," and was served, according to the sheriff's return thereon, "On J. R. Parks, agent of Walker D. Hines, Director General of American Railways Express Company," and also on the agent of the Southern Express Company on 9 January, 1920. The bond for costs was made payable to the American Railways Express

Company. The case was entitled on the record below, "Cauble v. Walker D. Hines, Director General," and sometimes as "Cauble v. American Railways Express Company," and was, in all of these names, submitted to the jury. This would seem to be most ample to show, and show conclusively, that the Director General and both express companies were served with process, and the complaint is drawn accordingly, expressly naming both express companies and the Director General.

The other exceptions are either merely formal or entirely without merit.

The trial of this case was errorless, and it is remanded with instructions to dismiss the action, with costs to be taxed, as to the Southern Express Company, which it appears had no connection with the transaction (*McAlister v. Express Co.*, 179 N. C., 556), and, as to the Director General of the American Railways Express Company we affirm the judgment.

The cash register, as above indicated by us, will remain in the possession of the defendant Director General having charge of the American Railways Express Company as his property, so that he may get the benefit of its value, if it has any.

Judgment affirmed as modified.