C. L. BOOTH, TRUSTEE OF ELIZABETH L. JAMES ET AL., v. SAMUEL HAIRSTON.

(Filed 31 January, 1928.)

1. **Deeds and Conveyances—Requisites and Validity—Statutes—Special Laws—Validity.**

A deed of gift not registered within the time prescribed by statute is void, and thereafter the Legislature is without power to bring it to life again by the enactment of a statute lengthening the period in which it may be registered.

STACY, C. J., and ADAMS, J., dissenting.

PETITION to rehear decision on appeal from GUILFORD County.

*Brooks, Parker, Smith & Wharton, Andrew Joyner, Jr., and Malcolm Harris for appellant.*
*Meade & Meade and King, Sapp & King for respondent.*

BROGDEN, J. This case was heard and determined by the Court in an opinion filed 23 February, 1927, and reported in 193 N. C., p. 278.

The defendant filed a petition to rehear. Because of the importance of the principle involved the entire case has been thoroughly reëxamined by the Court. The divergent views with respect to the principles of law involved are set forth in the main opinion and the dissenting opinion in the original case. The main conflict in the law, as announced in this State, arises upon a construction of *Spivey v. Rose,* 120 N. C., 163, and *Dew v. Pike,* 145 N. C., 303. The defendant contends that *Spivey v. Rose* is a direct authority supporting his position. The plaintiff contends that *Dew v. Pike* is a direct authority to the contrary. The statute, C. S., 3315, provides in substance that a deed of gift, if not proven in due form and registered within two years after the making thereof, shall be void. In *Spivey v. Rose* it is stated: "The General Assembly has regularly, every two years, enacted statutes extending the time for the registration of conveyances of real estate, since the execution of this deed up to the time of its registration, the first one on 31 March, 1871." The deed in question was executed 1 June, 1867.

Two years from that time would be 1 June, 1869. If the first act extending the time for the registration of deeds was passed on 31 March, 1871, then the General Assembly had not, every two years from the execution of said deed, extended the time for the registration of said deed. Whether the Court was under the impression that this had been done or whether that had anything to do with the holding, does not appear. Frankly, the holding in *Spivey v. Rose* and in *Dew v. Pike* cannot be harmonized except perhaps by attempting to draw microscopic distinctions. The bald question of law involved is whether or not the General Assembly can ratify a void deed. When the deed of gift in this case was given, the law required that it be registered within two years, and it went further and pronounced the instrument dead after the lapse of two years. The power of the Legislature to cure defective certificates or acknowledgments or probates or registration is undoubted and has been recognized, approved and set in the law in hundreds of cases; but the power to cure a crippled instrument, having at least a spark of legal life, does not extend to raising a legal corpse from the dead. The principle is stated in *Herring v. Lee,* 22 W. Va., p. 673, as follows: "The act of Sommerville in attempting to admit said deed to record being, as we have seen, absolutely void, and not simply voidable, the said curative act of 31 March, 1873, if it could be construed to apply to this case, would be unconstitutional and void. If it was competent for the Legislature to make a void proceeding or act valid, then said act might be invoked to sustain the deed in this case. But upon that question there cannot be a moment's hesitation. The Legislature can no more impart binding efficacy to a void act than it can take one man's property and give it to another. Indeed to do one is to accomplish the other."

The deed of gift was good between the parties within the period of two years, and therefore during said period vested the title in the grantee. At the end of two years, what became of the title to the property? Thereafter it could not vest in the grantee, because, if unregistered, the statute pronounced the instrument dead. The title could not rest in the clouds. It must vest somewhere. Obviously it vested in the grantor, and was so vested when the purported curative act was passed. The result therefore of the curative act was to wrest title out of plaintiff by the sheer act of the law. Under all the authorities vested rights cannot be impaired or controlled by curative acts.

Petition dismissed.

STACY, C. J., and ADAMS, J., dissenting.