W. J. ENNIS, R. B. CROWDER AND WIFE, MRS. E. E. CROWDER; S. E. WILLIAMS AND WIFE, MRS. SUSANNA WILLIAMS; A. N. MATHEWS AND WIFE, MRS. SALLIE MATHEWS; MRS. NANNIE ENNIS, WIDOW OF W. F. ENNIS, DECEASED; A. C. ENNIS AND CHESTER L. ENNIS, WHO IS A MINOR, AND APPEARS HEREIN BY HIS DULY APPOINTED AND ACTING GUARDIAN, MRS. NANNIE I. ENNIS, v. W. V. ENNIS, B. F. McLEOD, TRUSTEE, BANK OF BUIE'S CREEK, A CORPORATION, AND THE FEDERAL LAND BANK OF COLUMBIA, S. C., A CORPORATION.

(Filed 14 March, 1928.)

### Adverse Possession—What Constitutes Color of Title.

As to whether a deed is champertous which conveys to the grantor's son certain described lands, reserving to the grantor and his wife a life estate, given in consideration of the grantee's successfully maintaining a suit to clear the title to the lands conveyed, *quere?* and, *Held,* the deed is sufficient color of title after registration and after the falling in of the

reserved life estate, to ripen the title in the grantee after seven years adverse possession of the land, held openly and notoriously and under known and visible metes and bounds.

APPEAL by plaintiffs from *Grady, J.* (at Chambers in Smithfield, 14 December, 1927). From HARNETT. Affirmed.

The judgment of the court below is as follows:

· "This cause came on for hearing at Smithfield, N. C., on 14 December, 1927, all parties being represented by counsel, and the case was submitted for judgment upon the pleadings and admissions of the parties made at the hearing; and upon said admissions the following facts are found to be true:

"The plaintiffs are the heirs at law of A. J. Ennis, who died intestate in Harnett County during the month of March, 1916.

"Some years prior to his death the said A. J. Ennis borrowed certain moneys from one John A. Matthews, and a deed was made to said Matthews by said A. J. Ennis and wife, with the understanding at the time that said deed was to operate as a mortgage deed, and thereafter the debt intended to be secured thereby was paid off, and a deed demanded of said Matthews by the grantors in said deed; but said Matthews refused to reconvey said lands to the said A. J. Ennis.

"On 13 March, 1911, said A. J. Ennis and wife executed a deed to the defendant, W. V. Ennis, conveying to him the lands theretofore conveyed to said John A. Matthews, in which the following recitals appear:

" 'Whereas, the parties of the first part executed and delivered to John A. Matthews in the year 1895 a deed for certain tract of land upon certain conditions, if complied with by the parties of the first part, it was to be conveyed back to them; and whereas the parties of the first part offered to comply with the conditions and demanded a deed of the said land; and whereas the said John A. Matthews refused to convey the same back to them; now, therefore, the parties of the first part, in consideration of the party of the second part agreeing to prosecute a suit for the said land in the Superior Court of Harnett County for the recovery of said land, and for the further consideration of the love and affection we have for the said W. V. Ennis (our son), the parties of the first part have bargained and sold,' etc.

"Then follows the conveying clause and description of the lands, all of which will appear by reference to said deed, which is recorded in the register's office of Harnett County, in Book No. 5, at page 21; and the said deed as registered is made a part of this finding of fact. (In *habendum* to deed: 'To have and to hold the above-described land subject to our life estate unto the said W. V. Ennis, his heirs and assigns forever.')

21—195

"After the execution of said deed the defendant, W. V. Ennis, caused a suit to be brought against John A. Matthews in the Superior Court of Harnett County, in which A. J. Ennis was the plaintiff, and a judgment was rendered therein declaring the said A. J. Ennis the owner of said lands, which suit was brought pursuant to the agreement contained in the deed above referred to. The judgment was docketed on 28 November, 1913, and the deed from A. J. Ennis and wife to W. V. Ennis was filed for registration on 20 November, 1913.

"After the death of A. J. Ennis the defendant, W. V. Ennis, entered into the possession of said lands, and held the same continuously, adversely, under said deed, and under known and visible boundaries up to the present time.

"Catherine Ennis, wife of A. J. Ennis, died in the early part of the year 1916.

"At the time of his death the said A. J. Ennis left surviving him certain of the plaintiffs and ancestors of the plaintiffs, as his only heirs at law, all of whom were at that time over 21 years of age, and under no disability.

"This suit was started on 26 November, 1927, more than eleven years after the death of A. J. Ennis, the grantor in said deed.

"Upon the foregoing facts the court is of the opinion:

"First. That the contract between A. J. Ennis and W. V. Ennis was not champertous nor affected by maintenance as alleged in the complaint.

"Second. That the plaintiffs' cause of action, if any they ever had, is barred by the statutes of limitations.

"Wherefore, it is now considered by the court, ordered, adjudged and decreed, that the defendant, W. V. Ennis, is the owner of the lands described in the complaint, in fee simple, subject to the rights of his co-defendants as lien-holders; and it is further adjudged that the plaintiffs are barred by the statutes of limitations, and this action is therefore dismissed, and the costs of the same will be taxed against the plaintiffs and C. H. Briggs, the surety on their prosecution bond."

*Charles Ross and John R. Hood for plaintiffs.*
*Young & Young for W. V. Ennis.*
*B. F. McLeod for Federal Land Bank of Columbia.*
*Smith & McLeod for Bank of Buie's Creek.*

CLARKSON, J. The plaintiffs present the question: "Whether or not a deed from a father to a son, setting out in the face of the deed as consideration, the obligation of the son to institute and finance a suit in the father's name, is void by reason of the violation of the law of champerty and maintenance." It may be noted that the consideration is to "prose-

cute" a suit for the recovery of the land and also the further considera-
tion of "love and affection," and the land is deeded subject to a life
estate of the grantor, father, and his wife Catherine. This interesting
question we think unnecessary for a decision of the action.

The admissions in the record disclose: "After the death of A. J. Ennis
the defendant, W. V. Ennis, entered into the possession of said lands
and held the same continuously, adversely, under said deed, and under
known and visible boundaries up to the present time. Catherine Ennis,
wife of A. J. Ennis, died in the early part of the year 1916. At the time
of his death the said A. J. Ennis left surviving him certain of the plain-
tiffs and ancestors of the plaintiffs, as his only heirs at law, all of
whom were at that time over 21 years of age, and under no disability.
This suit was started on 26 November, 1927, more than eleven years
after the death of A. J. Ennis, the grantor in said deed."

The defendants in their answer set up as a bar to the action: "That
the plaintiffs' cause of action, if any they had, arose and accrued more
than seven years prior to the commencement of this action, and the de-
fendants expressly plead the seven-year statute of limitations in bar of
their recovery; the defendant, W. V. Ennis, having been in possession
of said lands under known and visible metes and bounds and occupied
same adversely to the world."

C. S., 428, is as follows: "When a person or those under whom he
claims is and has been in possession of any real property, under known
and visible lines and boundaries and under colorable title, for seven
years, no entry shall be made or action sustained against such possessor
by a person having any right or title to the same, except during the
seven years next after his right or title has descended or accrued, who
in default of suing within that time shall be excluded from any claim
thereafter made; and such possession, so held, is a perpetual bar against
all persons not under disability."

Color of title is defined by *Hoke, J.,* in *Smith v. Proctor,* 139 N. C.,
at p. 324: "Is a paper-writing (usually a deed) which professes and
appears to pass the title, but fails to do so." A deed to which the privy
examination of the married woman is not taken is color of title. *Nor-
wood v. Totten,* 166 N. C., p. 648, and cases cited. *Barbee v. Bumpass,*
191 N. C., 521; *Booth v. Hairston,* 193 N. C., 278.

In *Garner v. Horner,* 191 N. C., at p. 540, it is held: "Failure to com-
ply with C. S., 2515, renders a deed void, although it is good as color
of title. *Best v. Utley,* 189 N. C., 361"; *Whitten v. Peace,* 188 N. C.,
298.

"Adverse possession, which will ripen a defective title, must be of a
character to subject the occupant to action." *Smith v. Proctor, supra,*
at pp. 324-25.

It is admitted that the parties, claimants, were *sui juris*. They could have brought an action against W. V. Ennis, who was in possession "under known and visible lines and boundaries," within the seven years, but they failed to do so.

We have held that a married woman's deed, without privy examination or failure to comply with C. S., 2515, although void, is color of title. Under the definition given of color of title, conceding but not deciding that the deed "professes and appears to pass the title, but fails to do so," yet it is color of title. It was on record and the plaintiffs had notice of it. Under the facts and circumstances of this case the plea of seven years statute of limitations is a bar to the action. *Dill Corporation v. Downs, ante,* 189.

For the reasons given the judgment is

Affirmed.