J. W. ALLEN ET AL. v. EULA ALLEN ET AL.

(Filed 18 March, 1936.)

**Deeds B a—**

> Deeds of gift executed and delivered by the grantors in escrow and therefore not registered by the grantees within two years thereafter, are void under the terms of the statute, C. S., 3315.

APPEAL by plaintiffs from *Phillips, J.,* at December Term, 1935, of YADKIN.

Civil action to remove cloud from title, *i.e.,* to declare deeds of gift void, and to have plaintiffs and defendants declared tenants in common of certain lands.

The facts are these:

1. On 20 April, 1928, T. W. Allen and wife decided to divide their lands among their children.

2. Plaintiffs were given a deed for the "Martin Place," which their mother owned, and they went into immediate possession.

3. Deeds for other lands (here in controversy) were duly executed to the defendants and delivered to J. N. Davis, son-in-law of grantors, "to be by him held in escrow until after the death of the grantors and then to be delivered to the grantees."

4. T. W. Allen died 11 January, 1935, his wife having predeceased him, and on 14 January, 1935, J. N. Davis delivered the deeds in question to defendants, grantees therein, who caused them to be registered.

From judgment upholding validity of deeds to defendants, the plaintiffs appeal, assigning errors.

*C. F. Burns, Hastings & Booe, Peyton B. Abbott, and Richmond Rucker for plaintiffs.*

*Avalon E. Hall for defendants.*

STACY, C. J. It is provided by C. S., 3315, that deeds of gift "shall within two years after the making thereof be proved in due form and registered, or otherwise shall be void." It is conceded that if the delivery in escrow completed the "making" of said deeds, they were not registered within two years thereafter. The defendants say delivery was not complete, and registration by them not possible, until said deeds actually came into their possession. This position prevailed below.

The position of the defendants, however appealing, overlooks the effect of a delivery in escrow and the terms of the statute. 18 C. J., 208. "Where a deed is deposited as an escrow to take effect upon the death of the grantor, the general rule is that the deed is immediately operative as against the grantor." 21 C. J., 889; *Fortune v. Hunt,* 149 N. C., 358, 63 S. E., 82; *Buchanan v. Clark,* 164 N. C., 56, 80 S. E., 424.

The deeds of the defendants being deeds of gift, and admittedly not registered "within two years after the making thereof," are void under the terms of the statute, C. S., 3315. *Booth v. Hairston,* 193 N. C., 278, 136 S. E., 879 (on rehearing, 195 N. C., 8, 141 S. E., 480); *Reeves v. Miller, ante,* 362.

The question of advancements, mentioned on the argument, is not presented by the appeal. *Paschal v. Paschal,* 197 N. C., 40, 147 S. E., 680; *Lunsford v. Yarborough,* 189 N. C., 476, 127 S. E., 426; *Thompson v. Smith,* 160 N. C., 256, 75 S. E., 1010; *Nobles v. Davenport,* 183 N. C., 207; 1 Am. Jur., 715.

New trial.