Civil action to assert title to certain real estate.
The facts pertinent to this appeal, and set forth in an agreed statement of facts, are substantially as follows: On 28 July, 1900, Marion J. McGhee executed a deed of gift, conveying to his wife, Emma P. McGhee, and her heirs, certain lands to be held by her during her marriage to him and as long as she remained a widow. Upon the death or marriage of the said Emma P. McGhee, said lands should go to her children. This deed was delivered to the grantee and held by her until 12 January, 1904, on which date, at the request of the grantor, the deed was delivered to him and he acknowledged the execution thereof before J. T. Britt, C. S.C., of Granville County, N.C. and filed the same for registration. After the deed was duly recorded, it was returned to Emma P. McGhee.
On 6 September, 1938, Marion J. McGhee and wife, Emma P. McGhee, executed a warranty deed to Violet H. McGhee, in her own right and as trustee. The grantors specifically reserved a life estate for and during the term of their joint lives and for the term of the natural life of the survivor. A two-thirds interest in the lands involved was conveyed to Violet H. McGhee in fee simple and one-third to her in trust for the benefit of Zula McGhee Cutts, nee Zula Elizabeth McGhee. The deed recites the fact that the former deed was without consideration and *Page 466 
not recorded until nearly four years after its execution. The latter deed was duly acknowledged and filed for registration on 9 September, 1938, in the office of the register of deeds for Granville County, N.C.
Jury trial was waived and his Honor, upon the facts submitted, was requested to render judgment. His Honor held that the deed dated 28 July, 1900, filed for registration 12 January, 1904, is a deed of gift and void because the same was not recorded within two years after the making thereof. His Honor further held that the deed dated 6 September, 1938, from Marion J. McGhee and wife, Emma P. McGhee, to Violet H. McGhee, filed for registration as above set out, vests in Violet H. McGhee such title in the lands described in said deed as said deed purports and undertakes to convey. Judgment was entered accordingly. Plaintiffs except to the judgment and appeal to the Supreme Court and assign error.
The deed of gift executed 28 July, 1900, was not registered within two years from its execution, as required by Consolidated Statutes of North Carolina, sec. 3315, and was void at the time of its registration, 12 January, 1904. Curative acts of the Legislature do not revive void instruments. Booth v. Hairston, 193 N.C. 278, 136 S.E. 879; S. c.,195 N.C. 8, 141 S.E. 480; Reeves v. Miller, 209 N.C. 362, 183 S.E. 294;Allen v. Allen, 209 N.C. 744, 184 S.E. 485.
Acknowledgement of the execution of an instrument is not a re-execution of it.
His Honor's ruling in the court below was correct, and the judgment is
Affirmed.