MACK BRITE, ELLEN BALLANCE, AND JAMES W. BRITE v. FRANK
    LYNCH, RUTH M. SPENCE, ROLAND C. LYNCH, HORACE W. LYNCH,
    AND JOSIAH B. LYNCH.

(Filed 27 February, 1952.)

**1. Descent and Distribution § 10a—**

Father and son successively held the land in question. The son died
intestate without issue, survived by a half-sister. *Held:* If title by ad-
verse possession ripened in the father, then the son acquired title by
descent, and upon his death the land would pass to his collateral heirs of
the blood of his father; but if title by adverse possession ripened in the
son, the son became a new *propositus* and upon his death without issue
the land would pass to his half-sister. Canons of Descent, Rules 4 and 6.

**2. Same: Adverse Possession § 7—**

Where father and son hold land successively, but title by adverse pos-
session has not ripened in the father at the time of his death, the son's
possession is not tacked to that of the father so as to ripen title in the
father, but would serve only to vest title in the son as a new *propositus*
from whom descent would be traced.

**3. Ejectment § 10—**

Plaintiffs in an action to recover land must rely upon the strength of
their own title, and where their title depends upon the person through
whom they claim having acquired title by adverse possession at the time
of his death, the court correctly places upon plaintiffs the burden of prov-
ing by the greater weight of the evidence that such person did so acquire
title.

APPEAL by plaintiffs from *Sharp, Special Judge,* October Term, 1951,
of PASQUOTANK. No error.

This was an action to recover land, description of which is set out in
the complaint. From an adverse verdict and judgment plaintiffs appealed.

*Worth & Horner for plaintiffs, appellants.*
*J. Henry LeRoy and John H. Hall for defendants, appellees.*

DEVIN, C. J. The described land was conveyed by deed in 1861 to
David Pritchard Brite. In 1865 David Pritchard Brite married Cor-
delia, widow of Elias Carver, and mother of Magnora, then a child two
years old. About 1867 there was born to David Pritchard and Cordelia
a son named Joseph R. Brite. David Pritchard Brite died in 1872.
Joseph R. Brite died intestate and without issue in 1935.

It is apparent that if David Pritchard Brite's title to this land had
ripened by adverse possession under color of title at the time of his death
in 1872 the land descended to his heir, Joseph R. Brite; and upon the
death of Joseph R. Brite, without issue, the title vested in his collateral

heirs of the blood of the ancestor David Pritchard Brite, who are represented by the plaintiffs in this action. Canons of Descent, Rule 4.

But, on the other hand, if David Pritchard Brite did not thus acquire title and was not seized of the land at the time of his death, and Joseph R. Brite thereafter acquired title to it by adverse possession or otherwise, he became a new *propositus,* and upon his death without issue the land would pass to his half-sister Magnora, now Mrs. McDonald, the mother and grantor of the defendants. Canons of Descent, Rule 6.

The burden was on the plaintiffs to recover if at all upon the strength of their own title, and in order to establish that title it was incumbent upon them to show by the greater weight of the evidence that David Pritchard Brite entered into possession of the land under the deed of 1861, and held possession thereof adversely for the statutory period.

The plaintiffs' only witness on this point was Magnora McDonald, now 88 years of age, who testified she was two years old when her mother Cordelia married David Pritchard Brite, and she was 9 when her step-father died. She said, "When I first knew it (the land) it was all in woods." She also said, "My step-father cultivated a small part of this land until the time of his death." The defendants claimed title by adverse possession under color of a deed from Magnora McDonald, dated 2 October, 1937.

The court submitted two issues: "1. Were the plaintiffs prior to October 2, 1937, the owners of and entitled to the possession of the land described in the complaint? 2. Have defendants been in adverse possession of said land under color of title for more than seven years prior to the institution of this action?" The first issue was answered "No," and the second issue was unanswered.

On the first issue the court charged the jury as follows:

"Now, gentlemen, if you find that in the year 1861 David Pritchard Brite got a deed, which described the property in question, and that at the time of his death in 1872, he had been in open, notorious, adverse, continuous possession of the property described in that deed, claiming the property by virtue of that deed under known and visible lines and boundaries for seven years prior thereto, I charge you that he would have owned the property at the time of his death, and it would have descended to his son, J. R. Brite, and then to the plaintiffs in this action. Now, if the plaintiffs have satisfied you by the greater weight of the evidence that such are the facts it would be your duty to answer the first issue YES, and otherwise you'd answer it No."

Plaintiffs excepted to this instruction, for that it limited plaintiffs' right to recover to the single proposition of the vesting of title in David Pritchard Brite. This is their only assignment of error.

On the evidence offered we think the portion of the charge excepted to properly presented the determinative question to the jury. To establish

their claim of title the plaintiffs must needs carry the burden of showing that David Pritchard Brite had acquired title to the land in order that it be in law descendable to his heir and through him to his collateral heirs. The jury's verdict was against them on this issue. True, there was evidence that Joseph R. Brite was in possession of the land after the death of his father and so continued for many years, but in the absence of a finding that David Pritchard Brite entered into possession, and that his possession was adverse and continuous up to the time of his death so as to vest title in him, the subsequent adverse possession of Joseph R. Brite could not be tacked thereto to ripen title in David Pritchard Brite, but would serve only to vest title in Joseph R. Brite as a new *propositus* from whom descent would be traced. 1 A.J. 879; *Ramsey v. Ramsey,* 229 N.C. 270, 49 S.E. 2d 476; *Boyce v. White,* 227 N.C. 640, 44 S.E. 2d 49. The verdict on the first issue rendered immaterial the question of defendants' adverse possession or other source of title.

In the trial we find

No error.