SUSIE MITCHELL JUSTICE v. JAMES R. MITCHELL, Defendant, and JOHN MITCHELL, Additional Defendant.

(Filed 14 October, 1953.)

**1. Appeal and Error § 39c—**

Where appellant is not entitled to the relief sought on any aspect of the case, any error in the trial is perforce harmless.

**2. Deeds § 6—**

A deed of gift is valid as of the time of its execution without registration, but if not recorded within two years it becomes void *ab initio* and title to the premises revests in the grantor. G.S. 47-26.

**3. Adverse Possession § 9a—**

An instrument that passes title is not color of title.

**4. Adverse Possession § 3—**

Adverse possession, even under color of title, must be such as to subject claimant to an action in ejectment.

**5. Adverse Possession § 13c—**

Claimant went into possession under an unregistered deed of gift immediately upon its execution. The grantor died less than nine years thereafter. *Held:* The deed of gift was valid and was not color of title until the expiration of two years from its execution, and therefore claimant could not have acquired title by adverse possession under color as against his grantor.

**6. Adverse Possession § 9a—**

Ordinarily, an unregistered deed is not color of title except as between the original parties.

**7. Adverse Possession § 4g—**

Claimant went into possession under an unregistered deed of gift. The grantor died before the expiration of a sufficient length of time to ripen title in claimant by adverse possession, and left a will devising the land to claimant for life with remainder to claimant's sister. *Held:* Upon the grantor's death claimant's possession was, as a matter of law, as a life tenant pursuant to the will, and he could not renounce his rights thereunder and become a trespasser in order to ripen title under the deed of gift, even after its registration.

APPEAL by defendant James R. Mitchell from *Williams, J.,* April Term, 1953, of HERTFORD.

This is an action to cancel a deed and thereby remove a cloud upon plaintiff's title to the remainder in the lands in controversy.

The facts pertinent to this appeal are as follows:

1. The plaintiff and the defendants James R. Mitchell and John Mitchell are children of Mollie J. Mitchell, deceased, who died testate

5 July, 1949. The lands in controversy were owned and possessed by Mollie J. Mitchell at the time of the death of her husband on 5 July, 1931. On 1 July, 1940, the testatrix executed her last will and testament in which she devised the premises in question to the defendant James R. Mitchell for life, and at his death in fee simple to the plaintiff.

2. On 15 July, 1949, the day the last will and testament of Mollie J. Mitchell was offered for probate, the defendant James R. Mitchell offered for registration a purported deed of gift bearing date of 31 December, 1940, appearing to have been signed by Mollie J. Mitchell but not acknowledged. This instrument was proven by the oath and examination of two witnesses as to the handwriting of the grantor, and duly recorded.

3. The defendant John Mitchell filed a disclaimer.

4. The defendant James R. Mitchell answered and alleged that immediately upon the execution of the deed of gift to him he entered into possession of the premises described therein and was in the open, notorious and adverse possession thereof under color of title for nine years and two months next prior to the commencement of the action.

In the trial below, on the issue of adverse possession, which was the third issue, the judge instructed the jury to the effect that the defendant had offered no evidence that the acts of adverse possession claimed by him were inconsistent with the life estate which he held under the will, and that such acts were not sufficient to constitute notice to all persons that he was claiming the lands, independently of the provisions of the will, as owner. Whereupon, the court charged the jury that "if you find the facts to be as all the evidence tends to show, it will be your duty to answer the third issue 'no,' otherwise 'yes.' " The jury answered the issue "no," and judgment was accordingly entered to the effect that the deed of gift was null and void and that the plaintiff Susie Mitchell Justice and the defendant James R. Mitchell own the lands in controversy as devisees under the last will and testament of Mollie J. Mitchell as set forth therein. The defendant James R. Mitchell appeals, assigning error.

*J. Carlton Cherry and Pritchett & Cooke for plaintiff, appellee.*
*Jones, Jones & Jones and Albion Dunn for defendant, appellant.*

DENNY, J. The appellant excepts to and assigns as error the instruction given to the jury on the third issue. We concede there is some merit to the exception, since the defendant James R. Mitchell could not have been in possession of the premises in question as a life tenant under the provisions of his mother's will prior to her death on 5 July, 1949. Even so, the facts disclosed on this record require an affirmance of the judgment entered below. An appellant will not be granted a new trial when the error complained of is harmless and another hearing could be of no

benefit to him. *Booth v. Hairston,* 193 N.C. 278, 136 S.E. 879; *Cauble v. Express Co.,* 182 N.C. 448, 109 S.E. 267.

Conceding that Mollie J. Mitchell signed the deed of gift to James R. Mitchell on 31 December, 1940, and delivered it to him on that date and that he immediately went into possession of the premises described therein, this unregistered deed could not in any event constitute color of title until after the expiration of two years from its date. The deed of gift was valid at the time of its execution and conveyed to the grantee the title to the lands described therein. However, after he failed to register it within two years from the making thereof, as required by G.S. 47-26, it became void *ab initio* and title to the premises revested in the grantor. *Winstead v. Woolard,* 223 N.C. 814, 28 S.E. 2d 507; *Cutts v. McGhee,* 221 N.C. 465, 20 S.E. 2d 376; *Allen v. Allen,* 209 N.C. 744, 184 S.E. 485; *Reeves v. Miller,* 209 N.C. 362, 183 S.E. 294; *Booth v. Hairston,* 195 N.C. 8, 141 S.E. 480; *s. c., supra.*

The contention of the appellant that he was in the adverse possession of the premises conveyed to him under color of title for more than seven years next prior to the institution of this suit, within the meaning of G.S. 1-38, is untenable.

Color of title is defined in *Smith v. Proctor,* 139 N.C. 314, 51 S.E. 889, as "a paper-writing (usually a deed) which professes and appears to pass the title, but fails to do so." *Seals v. Seals,* 165 N.C. 409, 81 S.E. 613; *Crocker v. Vann,* 192 N.C. 422, 135 S.E. 127; *Ennis v. Ennis,* 195 N.C. 320, 142 S.E. 8; *Glass v. Shoe Co.,* 212 N.C. 70, 192 S.E. 899; 1 Am. Jur., Adverse Possession, section 190, page 898.

In support of the view that a valid deed is not color of title, *Hoke, J.,* in speaking for this Court in the case of *Janney v. Robbins,* 141 N.C. 400, 53 S.E. 863, said: "It might well be suggested that in *Austin v. Staten* (126 N.C. 783), the unregistered deed relied on as color could not avail for any such purpose, because, until a second deed was executed and registered, the first passed the title, and a deed never operates as color which conveys the real title." An instrument that passes title is not color of title. 1 Am. Jur., Adverse Possession, section 190, page 898; *Collins v. Davis,* 132 N.C. 106, 43 S.E. 579. In the last cited case this Court said: "When one gives a deed for lands for a valuable consideration, and grantee fails to register it, but enters into possession thereunder and remains therein for more than seven years, such deed does not constitute color of title."

Adverse possession to ripen into title within seven years must be under color, G.S. 1-38, otherwise, a period of twenty years is required, G.S. 1-40. *Ward v. Smith,* 223 N.C. 141, 25 S.E. 2d 463. Even so, in order "to ripen a colorable title into a good title, there must be such possession and acts of dominion by the colorable claimant as will make him liable to an action

of ejectment. *This is said to be the test."* *Lewis v. Covington,* 130 N.C. 541, 41 S.E. 677; *Price v. Whisnant,* 232 N.C. 653, 62 S.E. 2d 56. Certainly at no time from 1 January, 1941, until 1 January, 1943, if the defendant James R. Mitchell entered into possession of the premises pursuant to the terms of the deed of gift as he testified he did in the court below, could he have been ejected as a trespasser. However, "a person originally entering without color of title may on subsequent acquisition of color be deemed to have held adversely under color from the latter date, still his color of title does not relate back to the time of his entry." 2 C.J.S., Adverse Possession, section 68, page 585.

Ordinarily an unregistered deed is not color of title, except as between the original parties. *Johnson v. Fry,* 195 N.C. 832, 143 S.E. 857. *Cf. Eaton v. Doub,* 190 N.C. 14, 128 S.E. 494. Therefore, conceding, but not deciding, that the unregistered deed of gift after it became void was color of title as between the grantor and the grantee from 1 January, 1943, until the death of the grantor on 5 July, 1949, the period of time was insufficient to ripen title in the defendant James R. Mitchell. *Battle v. Battle,* 235 N.C. 499, 70 S.E. 2d 492. The title to the premises being in Mollie J. Mitchell at the time of her death, passed to her devisees in accord with the provisions of her last will and testament. *Battle v. Battle, supra; Brite v. Lynch,* 235 N.C. 182, 69 S.E. 2d 169; *Winstead v. Woolard, supra.* Consequently, after the death of Mollie J. Mitchell the possession of the defendant was, as a matter of law, as a life tenant pursuant to the provisions of the will. Being a life tenant under his mother's will, he could not renounce his rights thereunder and agree to become a trespasser in order to ripen title under the deed of gift even after its registration. *Winstead v. Woolard, supra; Nixon v. Williams,* 95 N.C. 103; *Gaylord v. Respass,* 92 N.C. 553; *Gadsby v. Dyer,* 91 N.C. 311. Moreover, if he could do so, the deed of gift in no event could be color of title against the plaintiff, except from and after its registration.

In the trial below we find no prejudicial error.

No error.