LELA MAE HARRIS, KENNETH LEE BRILEY, ARMISSA JACKSON, AND THELMA LEE BRILEY, WIDOW OF HERMAN BRILEY, AND NEXT FRIEND OF WILLIS GRAY BRILEY, BARBARA JEAN DICKENS, CHURCHILL BRILEY, AND HERMAN LAWRENCE BRILEY, THE LAST FOUR NAMED BEING MINORS, v. JOHN J. BRILEY.

(Filed 26 September, 1956.)

**Deeds § 6—**

Judgment that deed of gift delivered by grantors in escrow, and therefore not registered by the grantees within two years after its execution, is void, G.S. 47-26, affirmed on authority of *Allen v. Allen,* 209 N.C. 744.

JOHNSON, J., not sitting.

HARRIS *v.* BRILEY.

APPEAL by defendant from *Paul, J.,* March Term 1956 of PITT.

Plaintiffs, heirs at law of W. B. Briley, assert the invalidity of a deed from W. B. Briley and wife to defendant. When the case was called for trial, the parties stipulated the following facts:

"(1) That W. B. Briley and his wife, Amanda Briley, were the parents of John J. Briley.

"(2) That the plaintiff Lela Mae Harris, wife of J. L. Harris, is the daughter of W. B. Briley and Amanda Briley, and that Kenneth Lee Briley, Armissa Jackson, Willie Gray Briley, Barbara Jean Dickens, Churchill Briley and Lawrence Briley are the children of Herman Briley, a son of W. B. Briley and Amanda Briley, who died on September 30, 1951, and that Thelma Lee Briley is the widow of the late Herman Briley.

"(3) That prior to October 12, 1951, W. B. Briley was the owner in fee of the lands described in the complaint.

"(4) That the late W. B. Briley and wife, Amanda Briley, on the 15th day of October, 1951, executed the deed referred to in the complaint conveying the land therein described and reserving a life estate therein.

"(5) That the deed recited the following consideration: 'That for and in consideration of love and affection and the further consideration of $10.00 . . .'

"(6) That after executing and acknowledging the deed referred to in the complaint, the grantors W. B. Briley and Amanda Briley, delivered the deed to F. C. Harding, Esq., (who had no interest therein) on the date of said acknowledgment, the 15th day of October, 1951, and instructed him to hold said deed until their death, and then to deliver the same to the defendant John J. Briley, the grantee in said deed, the said W. B. Briley and Amanda Briley imposing no condition upon the said F. C. Harding that he was to hold it for them, the grantors, and without reserving any right to repossess it at any time, or to have any control over it; and that F. C. Harding, Esq., then placed the deed in an envelope, along with a deed executed by said grantors to Lonnie Briley and Clara Mae Briley, and after sealing said envelope the following notation, or words of like effect, were written on said envelope, to wit: 'To F. C. Harding: You are directed to hold these deeds until our death, and upon the death of both of us you are directed to deliver the same to the grantees,' and after said notation was written on the back of the envelope, W. B. Briley and Amanda Briley duly signed the same, and their signatures, made by mark on said envelope, were witnessed by R. B. Lee, and, upon the signing of said notation, the said F. C. Harding placed said envelope containing said deeds in his safe until the death of the said W. B. Briley, when the deed to the defendant was delivered to him by R. B. Lee, and was by the defendant on the

same day, August 12, 1954, placed of record, as appears in Deed Book Y-27 at page 95 in the office of the Register of Deeds of Pitt County.

"(7) That said deed was kept in the safe of F. C. Harding, Esq., on August 12, 1954, after the death of W. B. Briley.

"(8) That W. B. Briley died on July 24, 1954, and that Amanda Briley died on March 2, 1955."

Being of the opinion that the instrument, a deed of gift, was void for failure to record within two years from its making as required by G.S. 47-26, the court rendered judgment in favor of plaintiffs. Defendant appealed.

*James & Speight for plaintiff appellees.*
*Albion Dunn and Louis W. Gaylord, Jr., for defendant appellant.*

PER CURIAM. The application of the statute to the factual situation here stipulated has heretofore been carefully considered and determined adversely to the claims of defendant. *Allen v. Allen,* 209 N.C. 744, 184 S.E. 485. The judgment is

Affirmed.

JOHNSON, J., not sitting.