Marie S. KIRKPATRICK, Margaret S. Hayes, and J. H. Pearson, Co-Administrators of Estate of N. B. Smithey, deceased, Appellants,

v.

P. K. SANDERS, District Director of Internal Revenue Service of North Carolina, Appellee.

No. 7673.

United States Court of Appeals Fourth Circuit.

Argued Oct. 13, 1958.

Decided Oct. 16, 1958.

Rehearing Denied Jan. 14, 1959.

Kyle Hayes, North Wilkesboro, N. C. (Clyde Hayes, North Wilkesboro, N. C., on brief), for appellants.

James P. Saunders, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., James E. Hol-

shouser, U. S. Atty., North Wilkesboro, N. C., and Lafayette Williams, Asst. U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and BRYAN, District Judge.

SOBELOFF, Chief Judge.

The administrators of the estate of N. B. Smithey sued for refund of estate taxes paid by them upon a deficiency assessment. Their controversy with the District Director of Internal Revenue relates to two parcels of land which the Director included for estate tax purposes, but which they contend had been effectually transferred by the decedent to his two daughters in his lifetime. The Director maintains that the transfers were gifts, and because the deeds were not recorded within two years after execution in 1941, they were void under the applicable North Carolina statute.[1] Failure to record within two years is conceded, but the administrators insist that the deeds were not made as gifts but for a valuable consideration and that, therefore, the statute is inapplicable.

At the conclusion of the evidence, the District Judge, being of the opinion that there was no basis in the testimony from which the jury could conclude that the deeds were other than gifts, directed a verdict for the defendant. The administrators, appealing, contend that there was an issue of fact which should have been presented to the jury.

On December 16, 1941, Mr. Smithey and his wife executed two separate warranty deeds, one conveying a parcel of real estate valued at $27,000.00 to his daughter, Mrs. Marie Smithey Kirkpatrick, and the second conveying real estate worth $23,918.00 to Mrs. Margaret Smithey Hayes, another daughter. The first of the deeds recited a consideration

---

1. Sec. 47–26 of the 1950 General Statutes of North Carolina reads as follows: "All deeds of gift of any estate of any nature shall within two years after the making thereof be proved in due form and registered, or otherwise shall be void, and shall be good against creditors and purchasers for value only from the time of registration."

of $100.00 and "other valuable considerations"; the second, $1.00 and "other valuable considerations." Internal Revenue transfer stamps in the amounts of $30.00 and $26.00, bearing cancellation marks dated and initialed, "12/26/41 N. B.S.", were attached to the respective deeds. Shortly thereafter, the daughters leased back to the father the properties conveyed by the deeds, and he continued to operate his business therein and paid annual rentals of $900.00 on each property until his death in 1953.

In 1942, Smithey duly filed a federal gift tax return reporting gifts of the properties to his daughters, and they, in turn, filed corresponding "Donee Information Returns for Gifts."

The appellants argue that in North Carolina recitals of consideration in deeds are considered *prima facie* correct, Randle v. Grady, 1944, 224 N.C. 651, 32 S.E.2d 20, 22; Faust v. Faust, 1907, 144 N.C. 383, 57 S.E. 22, 23, and that, therefore, the mention in the deeds of monetary and other considerations must be presumed to negate gifts in this instance, thus raising a jury question as to whether the properties passed for a valuable consideration.

■ However, on the entire record we think the District Judge was clearly correct in his view that no real issue of fact existed for the jury to consider, for the testimony permitted only one rational finding, namely, that the transfers were gifts.

■■ The gift tax returns filed by Smithey and his daughters in 1942 clearly show that the parties regarded the transfers as gratuitous. While the internal revenue stamps may be considered some evidence of the value of the property, we think they have no evidentiary force in establishing the amount that was actually paid. A feature of the testimony noted by the trial judge is that the stamps could not have been attached to the deeds as early as purported, in December, 1941, because it was shown by the Chief of the Cashier's Branch of the Internal Revenue Service for North Car-

olina that the stamps were not printed until 1944. The daughters themselves negatived the inference suggested by the appellants, even if the stamps could be thought to indicate the amount of the actual payment. Mrs. Kirkpatrick testified that she paid her father $100.00 (not $26,000.00) "in the neighborhood of the time the deed was made," and her sister, Mrs. Hayes, testified that she could not remember paying the $1.00 consideration recited in the deed to her. She did not assert that any larger sum was paid by her. The District Judge correctly held that, in any event, the payment of these nominal amounts would not convert the gifts to transfers for a valuable consideration.

■ A contention not urged in the District Court but raised now was that the leases back to the father, made shortly after the execution of the deeds, constituted an additional consideration and removed the transfers from the category of gifts. There is no evidence as to the adequacy or inadequacy of the rental, and if we were to assume that the reserved rental was less than the rental value, it would merely reduce the amount of the gifts transferred by the deeds and would not convert the gifts into transfers for a valuable consideration.

■ In oral argument the suggestion was advanced that the grantor of a gift deed might be estopped from asserting the invalidity of the transfer to which he was a party; and that the Government can stand in no better position than the grantor. Were the Government in no better position than the grantor—a point we need not decide here—the decisions of the Supreme Court of North Carolina, to which we look for the proper interpretation of the statute, make it clear that gift deeds, if not recorded within the statutory period, are void even as between the parties. Winstead v. Woolard, 1944, 223 N.C. 814, 28 S.E.2d 507, 508, held, " * * * as between the parties thereto a deed of gift, not registered, is good during the two years after the making of it, but upon failure to register it within such time, it be-

comes void *ab initio* and title vests in the grantors." To the same effect is Justice v. Mitchell, 1953, 238 N.C. 364, 78 S.E.2d 122, and Booth v. Hariston, 1928, 195 N.C. 8, 141 S.E. 480. In Sprinkle v. Ponder, 1951, 233 N.C. 312, 64 S.E.2d 171, the grantor brought suit to set aside a gift deed to his wife, since deceased, the deed not having been recorded within two years. Although the case was remanded by the appellate court on an evidence point, neither the litigants nor the Court intimated that the grantor plaintiff would be precluded from asserting the invalidity of the deed. See also Harris v. Briley, 1956, 244 N.C. 526, 94 S.E.2d 476, where the heirs of the grantor successfully attacked the validity of a gift deed not recorded within the statutory period.

As we conclude that the District Court did not err in directing a verdict for the defendant, the judgment is

Affirmed.