EVELYN BARRIER PENNINGER v. C. LIPE BARRIER AND WIFE EVELYN BLACKWELDER BARRIER, HELEN BARRIER STUDDERT AND HUSBAND RICHARD STUDDERT, EDITH BARRIER McGLAMERY AND HUSBAND NEAL V. McGLAMERY, AND DANIEL GILLON BARRIER

No. 7519SC1065

(Filed 5 May 1976)

**1. Deeds § 9— deeds of gift — sufficiency of evidence**

Plaintiff's evidence was sufficient to be submitted to the jury on the issue of whether deeds were deeds of gift and therefore void because not recorded within two years after their execution where plaintiff testified that neither of the grantees paid anything for the land conveyed by the deeds and never saw the deeds prior to the grantor's death, and there was no evidence that services furnished by the grantees to the grantor before and after execution of the deeds were furnished as consideration for the deeds.

**2. Deeds § 7— delivery of deed — possession by grantor's attorney**

Plaintiff's evidence would support a jury finding that there was no valid delivery of deeds where an attorney testified that he prepared the deeds for the grantor, now deceased, who told him to keep the deeds until the grantor's death and then deliver them to the grantees, and that he would have followed any instructions of the grantor concerning the deeds.

3. **Deeds § 11— construction of deeds — exclusion of other deeds not executed contemporaneously therewith**

   In an action to set aside three deeds from decedent to defendants, the trial court did not err in excluding four other deeds from decedent which were offered to show decedent's intent to dispose of his real property after death by delivering to his attorney deeds for all the property he owned where the four deeds were not made contemporaneously with the three deeds from decedent to defendants and the seven deeds did not amount to a simultaneous transaction.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 9 September 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 16 April 1976.

This is an action to have certain deeds executed by C. R. Barrier declared null and void, ab initio. Plantiff alleges in her complaint that on 9 June 1971 C. R. Barrier executed a deed dated 23 April 1971 to Daniel Gillon Barrier for certain real property located in Cabarrus County. Plaintiff further states that C. R. Barrier executed on 13 July 1971 two deeds, one to Helen B. Studdert and the other to C. Lipe Barrier, Helen B. Studdert and Edith B. McGlamery, for certain real property located in Cabarrus County. The deeds were filed for registration on 21 August 1974.

Plaintiff alleges that the deeds were gifts and that the deeds are void as a matter of law because they "were not proven in due form and filed for registration within two (2) years after the making there as required by law." Plaintiff further alleges that C. R. Barrier died 17 August 1974, and that she is one of the heirs at law and next of kin. She alleges also that she is the owner of a 1/5 undivided interest in each of the land tracts deeded to the defendants.

An amendment to plaintiff's complaint alleges that C. R. Barrier "never at any time prior to his death released control over either of said deeds . . . and said deeds were never, in contemplation of law, delivered to the grantees or to anyone else for the use and benefit of the grantees with the intention at said time that title should pass as the instruments become effective as a conveyance."

In their answer defendants deny that the deeds are deeds of gift and deny that the deeds are void. Defendants assert that the deeds are "warranty deeds for which good and valuable consideration . . . [were] given by the grantees to the grantor."

At the close of plaintiff's evidence the trial judge granted the defendants' motion for a directed verdict and dismissed plaintiff's action. Plaintiff appealed to this Court.

*William L. Mills, Jr., for plaintiff appellant.*

*Webster S. Medlin for defendant appellees.*

ARNOLD, Judge.

Plaintiff contends in this appeal that the court erred in directing a verdict for defendants. She maintains that there was evidence from which the jury could have found that the deeds were deeds of gift. Moreover, she asserts that there was evidence that the deeds were not validly delivered because decedent never released power and control over the deeds. Plaintiff's arguments have merit.

In a jury trial a motion for directed verdict by defendant presents the question of whether the evidence, considered in the light most favorable to plaintiff, will justify a verdict for plaintiff. *Rayfield v. Clark,* 283 N.C. 362, 196 S.E. 2d 197 (1973) ; *McCoy v. Dowdy,* 16 N.C. App. 242, 192 S.E. 2d 81 (1972).

[1]   When the plaintiff's evidence is considered in the light most favorable to her it tends to show the following:

Plaintiff testified that prior to decedent's death none of the grantees [defendants] ever saw the deeds in question. The deeds recited that they were supported by consideration, but neither of the grantees paid anything for the land purportedly conveyed by the deeds. Plaintiff did testify that defendants furnished personal services to decedent before and after execution of the deeds, but there was no evidence that such services were furnished as consideration for the deeds.

W. S. Bogle, attorney for decedent, testified that he prepared the deeds for decedent who told him to keep the deeds until decedent's death and then deliver them to the grantees. Bogle also stated that if the decedent had ever requested him to change the deeds, "I imagine I would have but I don't know." Bogle also testified that "I did whatever he instructed me to do" and that "I would have done what he wanted with these deeds to comply with his wishes."

Pursuant to G.S. 47-26 all deeds of gift have to be recorded within two years or they become void. The three deeds in ques-

tion were executed on 9 June 1971 and on 13 July 1971, and they were not recorded until 21 August 1974, more than two years later, and four days following decedent's death. The evidence was sufficient for the jury to consider whether the deeds were deeds of gift.

[2]  With respect to whether there is a valid delivery of a deed there are three requirements: (1) an intention by the grantor to give the instrument legal effect according to its purport and tenor; *(2) evidence of that intention by some word or act which discloses that the grantor put the instrument beyond his legal control;* and (3) acquiescence by the grantees in such intention. *Jones v. Saunders,* 254 N.C. 644, 650, 119 S.E. 2d 789 (1961) [Emphasis added].

Testimony by W. S. Bogle, grantor's attorney, would certainly justify a reasonable inference that the grantor retained ultimate control over the deeds until his death. "So long as a deed is within the control and subject to the authority of the grantor there is no delivery, without which there can be no deed." *Fortune v. Hunt,* 149 N.C. 358, 361, 63 S.E. 82 (1908).

[3]  In addition to introducing into evidence the three deeds from decedent to the defendants, plaintiff attempted to introduce four other deeds from decedent. She contends that the deeds were admissible to show decedent's intent to dispose of his real property after his death by delivering to Bogle deeds for all the property he owned, thereby allowing the deeds to substitute as a will.

"In construing a deed and determining the intention of the parties, ordinarily the intention must be gathered from the language of the deed itself when its terms are unambiguous. However, there are instances in which consideration should be given to the instruments made contemporaneously therewith, the circumstances attending the execution of the deed, and to the situation of the parties at the time." *Smith v. Smith,* 249 N.C. 669, 675, 107 S.E. 2d 530 (1959). All deeds constituting a "simultaneous transaction" may be construed together in determining the intent and effect of one of the deeds. *Combs v. Combs,* 273 N.C. 462, 160 S.E. 2d 308 (1968).

The three deeds to defendants which were admitted into evidence were executed on 9 June 1971, and 13 July 1971, while the four deeds not admitted into evidence were executed 13 July

1971; 6 October 1972; and 8 March 1973. Since we do not find that the seven deeds amounted to a "simultaneous transaction" or that the last four deeds were made "contemporaneously" with all three of the deeds from decedent to defendants we find no error in the exclusion of the last four deeds.

Plaintiff's evidence presented a case for the jury. The judgment directing verdict for defendants is

Reversed.

Judges BRITT and VAUGHN concur.