KATHLEEN COBLE PATTERSON (WIDOW); AGNES COBLE WHITE AND HUS-
BAND, ARTHUR I. WHITE; HELEN COBLE BYERS AND HUSBAND, DILLARD
M. BYERS; REBECCA COBLE ROBERTSON AND HUSBAND, WILSON A.
ROBERTSON; CORNELIA COBLE STANTON AND HUSBAND, ROBERT G.
STANTON, AND ROSS COBLE AND WIFE, NOTIE J. COBLE v. WACHOVIA
BANK & TRUST COMPANY, N.A., AS TRUSTEE

No. 8315SC351

(Filed 5 June 1984)

**Deeds § 9— deeds of gift—deeds reciting consideration and under seal**

  The evidence supported the trial court's determination that deeds from deceased's sons to deceased were deeds of gift and void because they were not recorded within two years after their execution as required by G.S. 47-26, and that deceased thus did not own the land in question at her death, although the deeds each recited a consideration of $10 and were under seal.

APPEAL by plaintiffs from *McLelland, Judge.* Judgment entered 24 September 1982 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 17 February 1984.

The purpose of this declaratory judgment proceeding is to establish the ownership of approximately 106.7 acres of land that all the parties admit was owned at one time by the late Mattie Thompson Coble. Plaintiffs are six of her seven children and their spouses, if any; defendant Trustee represents the interest of the other child, Cecil P. Coble, who died 18 April 1980. Plaintiffs alleged, in substance, that: Mattie Thompson Coble owned a farm consisting of approximately 297 acres at the time of her death on 11 October 1978; they own an undivided 6/7ths of it by inheritance and defendant's testator and trustor owns the other 1/7th; and their title is wrongfully clouded by defendant's claim that Cecil P. Coble, whose interest it represents, owned approximately 106.7 acres of the land when he died. In its answer, defendant denied that Mattie Thompson Coble owned any land at all at her death, and alleged, in substance, that: All the land involved in this case was conveyed to her two sons, Ross Coble and Cecil P. Coble, many years earlier; and they thereafter voluntarily partitioned it between them in such a manner that Cecil became the owner of the 106.7 acres referred to in the complaint and Ross became the owner of the rest. The case was heard by Judge McLelland sitting without a jury.

The parties stipulated to many facts, including the following: For many years before 8 February 1962, Mattie Thompson Coble owned more than 300 acres of land and had five grown daughters and two grown sons, who are either parties to or represented in this case. On that day, 8 February 1962, Mattie Thompson Coble did the following three things in regard to her property: (1) she deeded certain of her real property not involved in this lawsuit to her daughter, Cornelia; (2) she deeded all the rest of her real estate, amounting to approximately 297 acres, to her sons, Cecil and Ross Coble, jointly in fee simple, subject only to her life estate; and (3) she executed her will. In the will she bequeathed all of her personal property in equal amounts to her five daughters, left nothing to her two sons, and explained the dispositions so made as follows:

> I desire to say that the reason that has prompted me to leave all of my earthly possessions to my five daughters and none to my two sons (Cecil P. Coble and Ross Coble), is due to the fact that I have heretofore by deed conveyed all of my

lands to my said two sons, and that they have therefore received more than their equal share of my said estate.

Within a few weeks, however, before the month of February, 1962 was over, Cecil P. Coble and Ross Coble, joined by their wives, executed separate warranty deeds conveying their undivided one-half interests in the land received from their mother, Mattie Thompson Coble, back to her. Each deed contained a recital that it was executed "in consideration of the sum of Ten Dollars ($10.00) and other valuable considerations." The deed from Mrs. Coble to her sons was duly recorded on 19 April 1962, a few weeks after it was executed; but the deeds from the sons back to her were not recorded until more than eighteen years later, on 29 August 1980, which was also after both Mattie Thompson Coble and Cecil P. Coble had died. Sixteen months or so after the death of Mattie Thompson Coble, on 12 February 1980, Ross Coble and Cecil Coble, with the joinder of their wives, executed and delivered certain quitclaim deeds to each other. By the two quitclaim deeds that Ross Coble and his wife executed, they remised, released and conveyed to Cecil and his wife all their interest in approximately 106.7 acres of the land involved in this case. By the two quitclaim deeds that Cecil and his wife executed, they remised, released and conveyed all their interest in the remaining acreage, approximately 191 acres, to Ross and his wife. Shortly thereafter, on 18 April 1980, Cecil P. Coble died, leaving a will that conveyed his real property to defendant bank, subject to certain trusts. The quitclaim deeds from Ross Coble and his wife to Cecil Coble and his wife were recorded on 12 June 1980; the quitclaim deeds from Cecil Coble and his wife to Ross Coble and his wife were recorded on 6 August 1980.

All the documents stipulated to were received in evidence, as was the testimony of certain of the plaintiffs and others. At the end of the evidence, after making various findings of fact and conclusions of law, Judge McLelland adjudged that Mattie Thompson Coble had no interest in the 106.7 acres of land referred to and that its fee simple owner, subject to the will of Cecil P. Coble, is the defendant Trustee.

*Charles N. Stedman for plaintiff appellants.*

*Petree, Stockton, Robinson, Vaughn, Glaze and Maready, by Jackson N. Steele and Jeffrey C. Howard, for defendant appellee.*

PHILLIPS, Judge.

The basis for adjudging that Mattie Thompson Coble did not own the land involved at her death is that the deeds from Ross and Cecil Coble back to her were void, because they were deeds of gift and were not recorded within two years after their execution, as G.S. 47-26 requires. Since the deeds in question admittedly were not recorded until more than eighteen years after their execution and G.S. 47-26 plainly states, without exception or equivocation, that a deed of gift that is not recorded within two years after execution is void, the preliminary question that arises is whether the court's conclusion of law that the deeds were deeds of gift is supported by adequate findings of fact. The trial court's finding of fact pertinent thereto was as follows:

> (13) None of the conveyances [referred to] . . . were supported by the payment of consideration in money or money's worth, nor was consideration exchanged in the form of a promise for a promise or in any other manner.

This finding so clearly supports the conclusion that the deeds were deeds of gift, we proceed to the remaining and decisive question, which is whether the findings are supported by competent evidence. If they are, the findings are conclusive. *Brooks v. Brooks*, 12 N.C. App. 626, 184 S.E. 2d 417 (1971). In our opinion, the finding that the deeds were without consideration is supported by competent evidence and the judgment appealed from must be affirmed.

Under the provisions of G.S. 105-228.28, *et seq.*, every person who deeds real estate away for a consideration must pay the county an excise tax based on the consideration involved, but no tax is required of those who give property away. Yet, though the evidence shows that the property was worth over $90,000, and the plaintiff Ross Coble, the only living person with personal knowledge as to the consideration involved, if there was any, is the one who had the deeds eventually recorded, no excise stamps

were ever affixed to the deeds by the grantors. Nor did Ross Coble, who testified at the hearing, or anyone else, present any evidence that any payment or promise of payment was made or received because of the deeds. He did testify, however, though not very clearly, and apparently not very convincingly, at least as the trial judge heard it, that he and Cecil deeded the land back to their mother for her to hold for each of them to farm during his lifetime, and to distribute to her surviving issue after both of them died. Though this testimony does tend to support the contention that the deeds were given in consideration of Mattie Coble's promise to hold the land in trust, its weight and credibility was for the trial court, who categorically found that the deeds were not given in exchange for a promise or consideration of any kind. The judge's evaluation of this evidence is understandable, particularly in view of the other pertinent evidence that was before him. Their mother, who was 24 years older than Cecil and 28 years older than Ross, could hardly have been reasonably expected to hold the land until their deaths; she did not revise her will to dispose of the land at her death; and when she did die and her will was probated, neither Ross nor any of the other children objected to the land not being included in her estate. Not long thereafter, Ross and Cecil hired a surveyor to map and divide the land — and through the mutual quitclaim deeds, in effect, agreed to and did partition it. Finally, after his brother Cecil died, as his own testimony shows, Ross expressed interest in buying the land held by the defendant Trustee, if it could be obtained at a reasonable price, and did not begin contending that he and the other children owned the land until the Bank put it on the market for sale at a beginning price of $90,000.

The plaintiffs' several contentions that various evidence was improperly received or rejected are without merit and require no discussion. Their last reliance, likewise unwarranted, is upon the legal implications that arise from the recorded facts that the deeds recited a consideration and also were under seal. While it is true, as plaintiffs contend and numerous appellate decisions of this Court and our Supreme Court have stated, that recitals in a deed are presumed to be correct, that is only a presumption and the law does not stop there. Under suitable circumstances our law has long permitted deed recitals of all kinds to be overcome by proof, including even the recital that it is a deed; and deed

recitals of consideration have been overcome by proof in many cases. *See Penninger v. Barrier*, 29 N.C. App. 312, 224 S.E. 2d 245, *rev. denied*, 290 N.C. 552, 226 S.E. 2d 511 (1976); *Harris v. Briley*, 244 N.C. 526, 94 S.E. 2d 476 (1956). Furthermore, even if the consideration recitals in the two deeds to Mattie Thompson Coble had either been accepted as, or proven to be, true, that would not necessarily require, as plaintiffs contend, a reversal of the judgment appealed from. Both reason and eminent authority suggest otherwise. In *Kirkpatrick v. Sanders*, 261 F. 2d 480 (4th Cir. 1958), *cert. denied*, 359 U.S. 1000, 3 L.Ed. 2d 1029, 79 S.Ct. 1138 (1959), deeds conveying two parcels of Wilkes County land, each worth more than $20,000, were held to be deeds of gift under G.S. 47-26, even though it appeared that the recited considerations of $100 in one deed and $1 in the other were actually paid. In language that reason can hardly refute, Chief Judge Sobeloff stated: "The District Judge correctly held that, in any event, the payment of these nominal amounts would not convert the gifts to transfers for a valuable consideration." *Id.* at 482. Thus, we doubt that the trial judge would have concluded, or been required to conclude, that the deeds involved here were not deeds of gift if the parties had even stipulated that the $20 recited in the two deeds was paid for land that was worth $90,000.

Finally, though our courts have also stated in many cases that a seal on a deed "imports" consideration or gives rise to a presumption that consideration was present, that presumption, too, from the nature of things, is overcomeable by proof. If not, there would be no such thing in this State as a deed of gift and the Legislature would have done a vain and foolish thing in enacting G.S. 47-26. Because one of the classic requirements for a deed in this State has always been and still is that the paper be under seal. *Turlington v. Neighbors*, 222 N.C. 694, 24 S.E. 2d 648 (1943); Hetrick, *Webster's Real Estate Law in North Carolina* § 197 (rev. ed. 1981).

Affirmed.

Judges WELLS and BRASWELL concur.